**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In Re:
TERRY V. TROMBLEY,
DEBORAH J. TROMBLEY,
       Debtors
_____/

Thomas J. Budzynski PC

    Plaintiff/Appellant
v.

Terry V. Trombley and
Deborah J. Trombley,

    Defendants/Appellees.
_____/

Case No. 13-10221
Hon. Lawrence P. Zatkoff

## I. INTRODUCTION

This matter is before the Court on appeal from a decision of Bankruptcy Judge Marci B. McIvor ("Appeal"), filed by Appellant Thomas J. Budzynski [dkt 1]. The parties have fully briefed the Appeal. The Court finds that the facts and legal arguments are adequately presented in the parties' briefs such that the decision process will not be aided by oral argument. Therefore, pursuant to E.D. Mich. Local R. 7.1(f)(2), it is hereby ORDERED that the Appeal be resolved on the briefs submitted, without the Court entertaining oral argument. For the reasons that follow, Appellant Budzynski's Appeal is DENIED.

## II. BACKGROUND

On October 9, 2008, Appellees Terry V. Trombley and Deborah J. Trombley ("Debtors") filed a voluntary petition under Chapter 12 of the Bankruptcy Code. On April 30, 2009, the bankruptcy court entered an Order Converting the Chapter 12 Case to a Chapter 11 Case. On November 12, 2009, the bankruptcy court entered an Order Confirming Debtors' Chapter 11 Plan of Reorganization. On

February 16, 2010, the bankruptcy court entered an Order Awarding Fees to Appellant in the amount of $92,997.03. The Plan of Reorganization was confirmed and on April 22, 2010, Appellant filed an Ex-Parte Motion to Close the Case. The case was closed on April 23, 2010.

After the case was closed, the Debtors failed to timely pay the Appellant's fees and on December 20, 2010, Appellant filed his first Motion to Re-open the bankruptcy case. Notably, in his Motion, Appellant stated that he "seek[s] an order from this court reopening the bankruptcy case for the limited purpose of appointing a trustee to liquidate sufficient assets to pay the professional fees." Yet, at the hearing on the Motion to Re-open held on January 18, 2011, Appellant's reasons for re-opening were quite different. There, Appellant represented that he was seeking to have the bankruptcy court enforce its order of attorney fees as a judgment, arguing that the bankruptcy court has the power to enforce its own orders:

> The Supreme Court notes that this Court has the power to enforce its own orders. If I can use garnishment and execution, it becomes unnecessary to reopen this case. If I cannot use garnishment and execution—these are administrative fees, fees that were approved by the Court—I would ask the Court to reopen the case for that limited purpose of enforcing the Court's prior orders and appointing a trustee to go out and do so[.]

The bankruptcy judge was skeptical as to Appellant's argument that the court's order awarding fees was the equivalent of a judgment against the debtors that could be used for enforcement purposes:

> I have just never viewed—and I think my fellow judges on the bench are pretty consistent about this—an order awarding fees as the equivalent of a judgment against the debtor that could be used for enforcement purposes. I think we all require a separate proceeding. It's a collection action. You have an order saying this is—you're entitled to your fees, and this is the amount under 327 and 330 of the Bankruptcy Code, but an actual—to enforce that as a judgment requires a separate proceeding.

The bankruptcy court nevertheless entered an Order Granting the Motion to Re-open, limited in scope and based at least in part on the fact that the debtors did not appear and object to the motion:

> I am going to grant the motion to reopen. The debtors didn't appear and object to it. It's only for purposes of this case. I am not making a general ruling about any other order in any other case with regards to the ability to take enforcement action based on this order,

but based on your representations and the failure of anyone to file a response, I'll grant the motion to reopen for purposes of allowing you to take enforcement action on the order awarding you fees.

The bankruptcy court then entered an Order to enforce its fee Orders as Judgments. Thereafter, the bankruptcy court also granted Appellant's numerous requests for writs of garnishment aimed at collecting his fees.

Unsatisfied with the results of these attempts to collect his fees, Appellant filed a Motion to Appoint Receiver on April 11, 2012. On May 15, 2012, the bankruptcy court held a hearing and issued a bench opinion denying the motion. The bankruptcy court held that 11 U.S.C. § 105(b) precluded the appointment of a receiver. The court emphasized that the only party that sought to keep the case open was Appellant, but that the relief he was requesting was unavailable to him under the Bankruptcy Code. Nor could the court appoint a trustee pursuant to 11 U.S.C. § 1104, as that section may be used only prior to the confirmation of a plan. The bankruptcy court concluded that the relief sought by Appellant to collect on his judgment for attorney fees must be obtained in state court. Because the bankruptcy court lacked the authority to afford the relief sought by Appellant—appointment of a receiver—the court found no reason to keep the case open. Appellant did not appeal the May 15, 2012, Orders denying the appointment of a receiver and closing the case.

On May 22, 2012, Appellant filed a Motion for Reconsideration of the bankruptcy court's Order closing the case, in which he argues that the case should have remained open and again requesting the appointment of a receiver.

On May 24, 2012, the bankruptcy court entered an Order denying Appellant's Motion for Reconsideration, reasoning as follows:

> In the present case, [Appellant's] Motion raises no new facts or evidence giving rise to a finding of palpable defect in the Court's prior Order closing the case. The Court closed the case because the only party seeking to keep the case open was [Appellant], and the only reason [Appellant] sought to have the case remain open was to obtain relief which is

3

> not available from this Court. Those facts, coupled with the significant expense incurred in keeping a Chapter 11 case open gave rise to the Court's decision to close the case.
>
> [Appellant] has already obtained a judgment against Debtors and has filed garnishments and writs of eviction. He is now focused on one specific remedy for the collection of attorney fees—the appointment of a receiver. For the reasons set forth on the record at the hearing on [Appellant's] Motion to Appoint Receiver, this Court has no authority on the facts of this case to appoint a receiver to assist [Appellant] in collecting his attorney fees. 11 U.S.C. § 105(b) expressly precludes the appointment of a receiver by a bankruptcy court.3
>
> ***
>
> In short, the circumstances which create an exception to 11 U.S.C. § 105 are circumstances where a receiver is necessary to act on the trustee's behalf and liquidate assets for the benefit of the bankruptcy estate. [Appellant's] seeks the appointment of a receiver for the purpose of liquidating assets for the sole purpose of satisfying his own post-petition judgment. Nothing in the bankruptcy code authorizes such relief. This Court did not err in denying the Motion to Appoint Receiver. Since that is the only remaining relief sought by [Appellant], and [Appellant] is the only party who seeks to have this case remain open, there is no reason to keep this Chapter 11 case open. The Court notes that the remedy [Appellant] would like a receiver to pursue, the liquidation of real property, is readily available to the [Appellant] himself—whether the bankruptcy case remains open or closed. The appointment of a receiver, which may impose additional expense on the bankruptcy estate, is unnecessary. Having reviewed the record and the Motion, the Court finds that [Appellant's] Motion for Reconsideration fails to demonstrate that the Court and the parties were misled by any palpable defect.

Appellant did not appeal the Order Denying Reconsideration.

On August 30, 2012, Appellant again filed a Motion to Re-open the bankruptcy case, this time arguing that the Bankruptcy Court should re-open the case to allow Appellant an opportunity to file a motion pursuant to Fed. R. Civ. P. 60(b)(1) and (b)(6) to obtain relief from the un-appealed Order closing the case and the un-appealed Order denying Reconsideration.

On November 20, 2012, after conducting a hearing on the Motion to Re-open, the Bankruptcy Court entered an Order Denying the Motion. Appellant timely appealed the Order denying the Motion to Re-open to this Court.

### III. LEGAL STANDARD

4

A decision whether to reopen a bankruptcy case under §350(b) of the Bankruptcy Code, 11 U.S.C. §101, *et. seq*., is left to the sound discretion of the bankruptcy judge, and shall not be set aside absent an abuse of discretion. *See In re Rosinski*, 759 F.2d 539 (6th Cir. 1985) ("It is well settled that decisions as to whether to reopen bankruptcy cases and allow amendment of schedules are committed to the sound discretion of the bankruptcy judge and will not be set aside absent abuse of discretion.") (citations omitted). The bankruptcy court's findings of fact are reviewed for clear error, while its conclusions of law are reviewed *de novo. Behlke v. Eisen (In re Behlke)*, 358 F.3d. 429, 433 (6th Cir. 2004).

## IV. ANALYSIS

Appellant filed the Motion to Reopen to allow him to file a Motion for Reconsideration under Fed. R. Civ. P. 60. Appellant's objective in seeking the latter was to revisit the bankruptcy court's Order closing the bankruptcy/denying the appointment of a receiver, and the court's Order denying reconsideration of that Order. The Court finds that the bankruptcy court did not abuse its discretion by denying Appellant's Motion to Re-Open the bankruptcy case because Appellant sought to raise arguments that were adequately addressed by the bankruptcy court's prior Orders.

Title 11 U.S.C., Section 350(b) provides that a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." At the hearing on the Motion to Re-Open, the bankruptcy judge found that no "other cause" existed to reopen the case and, in fact, indicated that even the court's prior Order to Reopen lacked sufficient cause because the relief sought by Appellant—appointment of a receiver—was outside the scope of the bankruptcy court's authority:

> I am denying the motion . . . to reopen. 11 U.S.C., Section 350(b), provides that a case may be reopened "to administer assets, to accord relief to the debtor, or for other cause[."] This certainly isn't to be reopened to accord relief to the debtor, and *I can't find any other cause why I would reopen this case. The issues that have been—that [Appellant] is seeking to deal with in this case if the case were reopened have already been dealt with in prior—in the prior motion to reopen, and I have to say I deeply regret having reopened*

5

> *the case for the first time because nothing that happened in that case established the cause standard, it turned out, that is necessary under 11 U.S.C., Section 350(b).* Because I find no cause to reopen this case and, as I just stated, it certainly isn't being reopened to accord relief to the debtor, the motion to reopen is denied.

(emphasis added). The bankruptcy court's finding of insufficient cause to reopen must not be disturbed absent an abuse of discretion.

In this regard, it bears repeating that Appellant's appeal is focused solely on the Order denying his Motion to Re-Open the case—not on the previous Orders denying a receiver/closing the case, and denying reconsideration. As the bankruptcy judge noted, the arguments presented by the Appellant in his Motion to Reopen were squarely addressed in the preceding Orders—neither of which the Appellant timely appealed. After failing to timely appeal the merits of the previous Orders, Appellant may not now do so by means of a thinly-veiled Motion to Reopen. The bankruptcy judge did not abuse his discretion by preventing Appellant from doing indirectly what he is precluded from doing directly. Appellant simply provides no authority—legal or otherwise—upon which this Court may find otherwise.

Moreover, even had bankruptcy judge reopened the case for the purpose of allowing the Appellant to file a motion for reconsideration under Fed. R. Civ. P. 60, that motion—like the Motion to Reopen—would be subject to the sound discretion of the bankruptcy judge. *See, e.g.*, *In re Rosinski, supra*; *Burnley v. Bosch Americas Corp*, 75 Fed. App'x 329, 332 (6th Cir. 2003) ("we limit our review to whether the district court abused its discretion when it denied Burnley's Rule 60(b)(1) motion."). Given that Appellant's Motion to Re-open made clear that he intended to pursue the very same theories of relief that had already been reviewed and denied by the bankruptcy court, and that Appellant elected not to appeal, the bankruptcy court would likely have reached the exact same result in considering the Rule 60 motion that it reached when it declined to re-open the case in the first place.

6

Therefore, the bankruptcy court's denial of Appellant's second Motion to Re-open was not an abuse of discretion, especially when considering that the court had already heard and denied Appellant's arguments several times, and Appellant elected to waive his right to appeal such denials.

## V. CONCLUSION

Accordingly, and for the reasons set forth above, it is HEREBY ORDERED that Appellant's Bankruptcy Appeal [dkt. 1] is DENIED and this case is hereby DISMISSED.  Judgment shall be entered accordingly.

IT IS SO ORDERED.

Date: August 15, 2013

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
U.S. DISTRICT JUDGE
